UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| COURTNEY J. WIMBERLEY, Sr.<br><br>Plaintiff,<br><br>v.<br><br>RENO POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | 3:14-cv-00676-RCJ-VPC<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Robert C. Jones, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is plaintiff's application to proceed *in forma pauperis* (#1) and *pro se* complaint (#1-1). The court has thoroughly reviewed the record and recommends that plaintiff's application to proceed *in forma pauperis* be granted, and also that the complaint be dismissed without prejudice, with leave to amend.

I.    *IN FORMA PAUPERIS* APPLICATION

Based on the financial information provided in plaintiff's application to proceed *in forma pauperis*, the court finds that plaintiff is unable to pay the filing fee in this matter. Accordingly, the court recommends that plaintiff's application to proceed *in forma pauperis* be granted.

II.    LEGAL STANDARD

Applications to proceed *in forma pauperis* by non-inmate plaintiffs are governed by 28 U.S.C. § 1915. Section 1915 provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under section 1915

when reviewing the adequacy of a complaint or amended complaint. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (citation omitted).

Under Rule 12(b)(6), the court is to dismiss when the complaint fails to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010); *Hamilton v. Brown*, 630 F.3d 889, 893 (9th Cir. 2011). Although the complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

#### A. Plaintiff's Complaint

Courtney J. Wimberly, Sr. ("plaintiff") brings a one-count civil rights complaint under 42 U.S.C. § 1983 for excessive force, in violation of the Fourth and Eighth Amendments, by officers of the Reno Police Department. He sues the following officers: Al Delvecchio, James Pitsnogle, John Mandagaran, and officers West and Zalentel (together, "the officers"). Plaintiff alleges that the officers responded to a "domestic dispute" between him and his girlfriend on March 6, 2014. Delvecchio arrived to find plaintiff seated in his vehicle at a Reno apartment complex, and he instructed plaintiff to raise his hands. Then, Delvecchio walked away from plaintiff and spoke with plaintiff's girlfriend. Subsequently, plaintiff left the vehicle and walked over to the complex manager to inquire why he had contacted the police. At that time, Pitsnogle arrived, and both he and Delvecchio approached plaintiff from behind and "violently grabbed" plaintiff's arms, placed him in handcuffs, and walked plaintiff to the trunk of Pitsnogle's car.

1    Thereafter, West and Zalentel arrived. West allegedly "took control" of plaintiff's right arm as Pitsnogle released it. West told plaintiff to "clam down" and "stop resisting." Plaintiff states, however, that he was not being combative at the time.

**B.  Analysis**

Use of excessive force during the apprehension of a criminal suspect may violate the Fourth Amendment's proscription on unreasonable searches and seizures. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). The dispositive question is whether the force is objectively unreasonable under the circumstances. *Id.* at 388. As the Ninth Circuit has explained, when considering an excessive force claim under the *Graham* framework, courts "first consider[] the nature and quality of the alleged intrusion; . . . then consider the governmental interests at stake by looking at (1) how severe the crime at issue is, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (citing *Deorle v. Rutherford*, 272 F.3d 1272, 1279-80 (9th Cir. 2001)). These factors are not exclusive, and courts are to "examine the totality of the circumstances and consider 'whatever specific factors may be appropriate in a particular case,' . . . ." *Bryan v. MacPherson*, 630 F.3d 805, 826 (9th Cir. 2010) (quoting *Franklin v. Foxworth*, 31 F.3d 873, 876 (9th Cir. 1994)). Of the three preliminary factors, the threat to officers and other persons is most important. *Smith v. City of Hemet*, 394 F.3d 689, 702 (9th Cir. 2005).

The court recommends that the complaint be dismissed because, under the facts alleged, plaintiff has not stated a colorable Fourth Amendment violation. Even if plaintiff's allegations are true, the *Graham* factors weigh in defendants' favor. First, the force defendants allegedly used consisted of the use of handcuffs and "violent" apprehension of plaintiff's arms. Plaintiff alleges no injury or other physical actions, and his characterization of the arm grabbing as "violent" is unaccompanied by other facts that support such a description. Accordingly, the nature and quality of the intrusion is fairly minimal. Although "[h]andcuffs are uncomfortable and unpleasant," they are a "standard practice, everywhere." *LaLonde v. Cnty. of Riverside*, 204 F.3d 947, 964 (9th Cir. 2000) (Trott, J., concurring and dissenting in part). The commonness of

their use does not preclude Fourth Amendment liability, but where the Ninth Circuit has found colorable claims related to the use of handcuffs, additional facts supported unreasonableness: tightness that caused pain and wrist dislocation, *see Palmer v. Sanderson*, 9 F.3d 1433, 1346 (9th Cir. 1993); application of handcuffs in an abusive manner that caused injury, *Hansen v. Black*, 885 F.2d 642, 645 (9th Cir. 1989); and handcuffing accompanied by arm twisting and throwing the suspect to the ground, where the possible crimes were nonviolent offenses, *Meredith v. Erath*, 342 F.3d 1057, 1061 (9th Cir. 2003). Similar allegations are not present here.

In contrast to the minimal intrusion, the governmental interests are strong under plaintiff's version of the facts. Under the second factor, defendants allegedly responded to a situation that may have involved a crime of physical violence. "Domestic disputes" regularly entail physical abuse and other battery, particularly when they occur between men and women in romantic relationships. As to the third factor, the situation plainly posed a threat to others. As plaintiff describes, the manager called the police about an on-going domestic altercation. Hence, when the officers responded, they entered a possibly violent situation that may have involved harm to plaintiff's girlfriend, other residents of the complex, and also to themselves. Even in a light most favorable to plaintiff, the second and third factors weigh in defendants' favors.

The final factor is somewhat inconclusive. On one hand, plaintiff was not resisting arrest or attempting escape under his version of the facts, and the court must accept his statement as true. But on the other, he left the vicinity of the car, where Delvecchio had instructed him to raise his hands. That officers later apprehended him with handcuffs cannot be characterized as unreasonable once he left the vicinity of the vehicle. They might have viewed plaintiff's move toward the manager as illustrating his refusal to comply with the earlier instruction to keep his hands in the air. They may also have viewed plaintiff as an escape threat on the basis that he placed greater proximity between himself and the officers. Whatever the case, in this "morass" of reasonableness analysis, *Scott v. Harris*, 550 U.S. 372, 383 (2007), the mild quality of the alleged force cannot overcome the countervailing considerations that supported apprehension with handcuffs and the non-injurious use of force on plaintiff's arms.

## IV. CONCLUSION

For the reasons articulated above, plaintiff's complaint should be dismissed without prejudice. The court recommends that plaintiff be allowed an opportunity to amend, as he may be able to cure the pleading defects with additional factual allegations. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that plaintiff's application to proceed *in forma pauperis* (#1) be **GRANTED**;

IT IS FURTHER RECOMMENDED that the Clerk **FILE** plaintiff's complaint (#1-1);

IT IS FURTHER RECOMMENDED that plaintiff's complaint (#1-1) be **DISMISSED WITHOUT PREJUDICE, WITH LEAVE TO AMEND**;

IT IS FURTHER RECOMMENDED that plaintiff shall have **thirty (30) days** to file an amended complaint;

IT IS FURTHER RECOMMENDED that, if plaintiff fails to file an amended complaint within the prescribed time period, the Clerk **ENTER JUDGMENT** and close this case.

DATED: April 17, 2015

_____
UNITED STATES MAGISTRATE JUDGE